IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02783-LTB-CBS

SAMANTHA QUITMAN,

    Plaintiff,

v.

PINNACOL ASSURANCE, a Colorado insurance company,

    Defendant.

_____

**STIPULATED PROTECTIVE ORDER**
_____

It is anticipated by Plaintiff and Defendant that certain of Defendant's confidential business and personnel records, including information in Plaintiff's personnel file and investigation reports, and certain of Plaintiff's confidential business and personnel records may be produced in discovery in this matter.  It is agreed by the parties that such confidential records must be protected from further disclosure.  Pursuant to Federal Rule of Civil Procedure 26(c), the Court finds good cause for entry of this Stipulated Proposed Protective Order to provide such protection according to the terms and conditions below.

    1.    To expedite the flow of discovery material and the litigation of this case, facilitate the prompt resolution of disputes over confidentiality, and adequately protect material entitled to be kept confidential, it is, by agreement of the Parties, STIPULATED and ORDERED that:

2131397.1

2.	This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

3.	CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(a)	attorneys who are actively working on this case;

(b)	persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c)	the parties, including human resources and management employees employed by Defendant;

(d)	expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;

(e)	the Court in this case and its employees ("Court Personnel");

(f)	stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this case;

(g)	deponents, witnesses, or potential witnesses; and

    (h) other persons by written agreement of the parties.

 4. As used in this Protective Order, "document" is defined as provided in Federal Rule of Civil P. 34(a)(1)(a).  A draft or non-identical copy is a separate document within the meaning of this term.

 5. Information designated "CONFIDENTIAL" shall be information that implicates the privacy interests of Plaintiff or Defendant or third parties and/or information contained in confidential business records, personnel records, documents, materials and communications.   CONFIDENTIAL information shall not be disclosed or used for any purpose except in pretrial discovery, at the trial, or in preparation for trial, or for any appeals of this action.

 6. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions.  Such written acknowledgement shall be in the form as provided in **Exhibit A** to this Stipulated Protective Order, attached hereto and incorporated herein.  All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

 7. Counsel or persons regularly employed or associated with counsel may designate information as CONFIDENTIAL only after a review of the information and

based on a good faith belief that the information is CONFIDENTIAL or otherwise entitled to protection.

8. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the term "CONFIDENTIAL," or by designating them as "CONFIDENTIAL" in correspondence from counsel to the party producing documents. Defendant may designate documents produced by Plaintiff as CONFIDENTIAL if they are documents that were originally produced or created as records of Defendant.

9. Producing or receiving materials or otherwise complying with the terms of this Protective Order shall not:

(a) operate as an admission by any party that any particular discovery material contains or reflects any CONFIDENTIAL information;

(b) prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery or otherwise protected from or limited in discovery on the basis of privilege or otherwise;

(c) prejudice in any way the rights of a party to seek a Court determination regarding whether particular discovery materials should be produced; or

(d) prejudice in any way the rights of a party to apply to the Court for any additional protection with respect to the confidentiality of information as that party may consider appropriate.

10.     Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate all or any portion of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is given promptly to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

11.     A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party objecting to the designation as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is filed timely, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.  If the objecting party fails to file such a motion within the prescribed time, the disputed information shall retain its designation as CONFIDENTIAL and shall thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as

CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

12.   In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use.  In order to keep Confidential Information contained in documents filed with the court out of the public record, the party seeking to restrict public access to Confidential Information shall file a Motion to Restrict Access and shall comply with the requirements of D.C.COLO.LCivR 7.2.

13.   At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL within forty-five (45) days of the conclusion of the action, or the parties may elect to destroy CONFIDENTIAL documents; provided, however, that counsel for each party may retain one copy of the CONFIDENTIAL documents for the sole purpose of maintaining a complete file, and all such retained documents will not be released, disclosed, or utilized except upon express permission of this Court after written notice to counsel for the party that produced the documents.  Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction within forty-five (45) days of the conclusion of the action.

This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

STIPULATED AND APPROVED:

DATED this ___25___ day of _____May_____, 2012.

BY THE COURT:


*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

**APPROVED AS TO FORM AND CONTENT:**

| | |
|---|---|
| *s/ Janet A. Savage* | *s/ Thomas J. Arckey* |
| Janet A. Savage | Thomas J. Arckey |
| Sybil R. Kisken | Sara Y. Hunt |
| Davis Graham & Stubbs, LLP | Arckey & Associates, LLC |
| Attorneys for Defendant | Attorneys for Plaintiff |
| 1550 Seventeenth Street | 7951 East Maplewood Ave., |
| Suite 500 | Suite 285 |
| Denver, CO  80202 | Greenwood Village, CO 8011 |
| (303) 892-9400 | (303) 798-8546 |
| (303) 892-1379 fax | (303) 798-4637 fax |
| janet.savage@dgslaw.com | tja@arlaw.us |
| sybil.kisken@dgslaw.com | syhunt@arlaw.us |

## **EXHIBIT A**

## **WRITTEN ACKNOWLEDGEMENT TO STIPULATED PROTECTIVE ORDER**

The undersigned hereby acknowledges that he/she has carefully and completely read the Stipulated Protective Order in the pending litigation between Samantha Quitman and Pinnacol Assurance that he/she is one of the persons contemplated in Paragraph 3 of the Stipulated Protective Order; and that he/she fully understands and agrees to abide by the obligations and confidences set forth in the Stipulated Protective Order.  The undersigned consents to the jurisdiction of the United States District Court for the District of Colorado for purposes of enforcing this Stipulated Protective Order.

Date: _____

_____
Signature

_____
Title or Position

_____
Printed Name